

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXN
ATTORNEY GENERAL

*Superseded*
*Aug at 1644c*

Honorable Albert S. Wright
Special County Auditor
San Augustine County
San Augustine, Texas

Dear Sir:

     Opinion No. 0-2478
     Re: Should a county auditor work
       on a calendar or fiscal year
       basis in calculating revenue
       and expenditures for current
       and prior years in arriving at
       the county scrip that has been
       issued in excess of current
       revenue for each year?

    Your recent request for an opinion of this Department upon the above stated question has been received.

    We quote from your letter as follows:

    "Kindly advise me if I should work on a calendar year basis or a fiscal year basis in calculating revenue and expenditures, for current and prior years, in arriving at the county scrip that has been issued in excess of current revenue for each year.  The point with me is:  whether to compile current revenue and scrip issued for each calendar year or for each fiscal year beginning October 1st and ending September 30th, in arriving at the scrip issued in excess of the current revenue for the respective years."

    Article 689a-9, Vernon's Annotated Civil Statutes, reads as follows:

    "The county judge shall serve as budget officer for the commissioners' court in each county, and during the month of July of each year, he, assisted by the county auditor or by the county clerk, shall prepare a budget to cover all proposed expenditures of the county government for the succeeding year. Such budget shall be carefully itemized so as to make as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes for the

Honorable Albert S. Wright, Page 2 (WW-0-2478)

preceding year. The budget must also be so prepared as to show as definitely as possible each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects. The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required."

In counties having a population of 350,000 inhabitants or more, as shown by the last preceding or any future Federal census, it is provided by House Bill 958, page 144, Acts of the 46th Legislature, 1939, that:

". . . The county auditor in all counties having a population in excess of (350,000) three hundred and fifty thousand as shown by the last preceding or any future United States census shall serve as the budget officer for the commissioners' courts in each county, and on or immediately after January 1st of each year he shall prepare a budget all proposed expenditures of the county government for the current fiscal and calendar year. . . . "

This statute has no application to San Augustine County.

It will be noted that Article 689a-9, supra, provides that the county judge shall serve as the budget officer for the commissioners' court, and that in July of each year, with the assistance of the county auditor or the county clerk, he shall prepare a budget to cover all proposed expenditures of the county government for the succeeding year. Other articles of the same Act provide that said budget, when completed, shall be filed with the county clerk and be available for public inspection; also that the commissioners' court shall provide for a public hearing on the county budget, the hearing to take place subsequent to August 15th and prior to the levy of taxes by said commissioners' court.

We quote from an opinion rendered by this Department February 10, 1933, addressed to Honorable H. P. Easterling, County Attorney, Mentone, Texas, as follows:

". . . It will be noted that the budget to be prepared is for 'the succeeding year', that is, as I understand it, the year beginning January 1st, following. The levy which the commissioners' court is to make this year is for the purpose of raising money on which to operate the county government during the coming or succeeding year. Hence, it is clear to me that the levy, which is to raise money to operate the county government for the next year was not intended to be made, until, by the preparation of the budget, it could be known or estimated how much money would be required. The requirements of the budget would necessarily fix or influence the rate of the levy. . . ."

In our Opinion No. 0-2324 it was held that the commissioners' court does not have the power to make a budget year other than the calendar year.

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that the county judge, assisted by the county auditor or county clerk, should work on a calendar year basis in calculating revenue and expenditures for current and prior years in arriving at the county scrip that has been issued in excess of current revenues for each year. In this connection, we want to point out that a special county auditor does not occupy the same position as a regular county auditor and does not have the same authority or duties. We have been unable to find any authority authorizing or requiring a special county auditor to assist the county judge in the matters above mentioned.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:BBB